# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**LETICIA SANDERS,** *et al.*                                                      **PLAINTIFF**

**V.**                      **Case No. 4:24-cv-327 JM**

**LOUIS DEJOY, Postmaster
General and UNITED STATES
POSTAL SERVICE**                                               **DEFENDANTS**

## ORDER

On April 12, 2024, Plaintiff Leticia Sanders sought permission to proceed *in forma pauperis* (Doc. 1) and filed a *pro se* petition for class-action on behalf of herself and Dejasiuna Hill, Jashawn Sanders, Rikeya Holmes, Monique Murphy, and Miesha Dennis alleging workplace discrimination under Title VII, 42 U.S.C. § 2000 *et seq*. (Doc. 4). Before the Court could screen the Complaint as required under 28 U.S.C. § 1915(e), Sanders paid the filing fee and summonses were issued and returned to her for service. (Doc. 6). Defendants moved to dismiss for failure to state a claim (Doc. 9), and Sanders has responded (Doc. 11). For the reasons stated below, Defendants' motion (Doc. 9) is GRANTED.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id.* It is not, however, a "probability requirement." *Id.* Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Plaintiffs have not met this standard.

Foremost, Sanders is not an attorney and cannot represent the interests of other *pro se* parties. *See Jones ex rel.*, 401 F.3d at 952 (8th Cir. 2005) (affirming dismissal of an action filed by a non-attorney on behalf of others); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."). As a result, all of Sander's allegations raised on behalf of her co-plaintiffs are dismissed as a matter of law.

In any event, had the filing fee not been paid, this case would not have survived screening for the same reasons now asserted by Defendants. Sanders has failed to state a claim of discrimination on which relief can be granted. She broadly contends that she was subjected to disparate treatment, toxic work environment, harassment, retaliation, and unlawfully terminated but fails to offer a single factual explanation to support the allegations. Even liberally reading Sander's papers, the Court, and Defendants, are left with to guess as to the substance of any of the allegations. Sanders has provided absolutely no information as to who harassed her, when it occurred, who within management she told, how she was treated disparately from others, what protected activity she exercised for which she was retaliated against, or even if what discrete class of individuals she contends she is a part of that is protected under Title VII. Sanders claims are completely conclusory. *Iqbal*, 556 U.S. at 678.

The motion to dismiss (Doc. 9) is GRANTED. This case is dismissed with prejudice.

IT IS SO ORDERED this 22nd day of August, 2024.

_____
UNITED STATES DISTRICT JUDGE